IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-68,512-03






EX PARTE RODNEY C. JONES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2005-411,112 IN THE 140TH DISTRICT COURT


FROM LUBBOCK COUNTY





 Per curiam.


 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault
and sentenced to eight years' imprisonment. The Seventh Court of Appeals dismissed his appeal.
Jones v. State, No. 07-06-00180-CR (Tex. App.-Amarillo May 11, 2006, no pet.). After we granted
Applicant an out-of-time appeal, the Seventh Court of Appeals affirmed his conviction. Jones v.
State, No. 07-08-00120-CR (Tex. App.-Amarillo Nov. 11, 2008, pet. filed). 

 Applicant contends that he did not receive credit when he was released on appellate bond
from July 28, 2006, the date the mandate issued in case number 07-06-00180-CR, to September 21,
2007, the date he was arrested. Applicant has alleged facts that, if true, might entitle him to relief.
Ex parte Thiles, 333 S.W.3d 148 (Tex. Crim. App. 2011). In these circumstances, additional facts
are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the
trial court is the appropriate forum for findings of fact. The trial court may use any means set out in
Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its
personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to: (1) whether Applicant has exhausted his
administrative remedies under Tex. Gov't Code § 501.0081; (2) when a capias was issued after the
mandate in case number 07-06-00180-CR issued; (3) whether Applicant violated the conditions of
his appellate bond; and (4) when Applicant learned that his appeal in case number 07-06-00180-CR
had been dismissed and the mandate had issued. The trial court shall also make any other findings
of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: June 22, 2011

Do not publish